

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | William J. Hibbler | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 3056 | **DATE** | 11/20/2000 |
| **CASE TITLE** | JOHNNIE STEWART vs. ANDERSON, et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]  Defendants' motion to dismiss [9-1] is granted. All pending motions are denied as moot [11-1, 14-1]. This case is dismissed in its entirety.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | 3 number of notices | Document Number |
| | No notices required. | | |
| ✓ | Notices mailed by judge's staff. | NOV 2 4 2000 date docketed | |
| | Notified counsel by telephone. | | |
| | Docketing to mail notices. | | 15 |
| ✓ | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | 11/22/2000 date mailed notice | |
| JHC courtroom deputy's initials | 00 NOV 22 PM 6:27 | JHC6 mailing deputy initials | |
| | Date/time received in central Clerk's Office | | |

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

**DOCKETED**
NOV 2 4 2000

JOHNNIE STEWART )
     Plaintiff, )
)
v. ) Case No. 00 C 3056
)
ANDERSON , ET AL. )
)
     Defendants. ) Judge William J. Hibbler

## MEMORANDUM OPINION AND ORDER

The Plaintiff, no longer incarcerated, has brought this pro se civil rights action pursuant to 42 U.S.C.§1983 . He claims that the defendants, two Chicago police officers, violated his constitutional rights by falsely arresting him without probable cause. This matter is before the court for consideration of the defendants' motion to dismiss the complaint for failure to state a claim. For the reasons stated in this order, the motion is granted.

### Background

The Plaintiff, Johnnie Stewart, formerly an inmate at Vandalia Correctional Center, and now no longer incarcerated, sues two police officers claiming that on September 24, 1999, they arrested him without probable cause for the charge of manufacture/delivery of a controlled substance, cannabis. Defendant Superintendent of Police Terry Hilliard was dismissed from the case on June 2, 2000, by order of this court. The remaining defendants are Chicago Police Officers Charles Anderson and Ronald Holt.

The Plaintiff alleges the following facts in his complaint:

Plaintiff was arrested on the front porch of a house prior to a crime being "discovered/committed". After his arrest, Defendants obtained a search warrant and entered a room inside the building where they recovered marijuana. The arrest report stated that defendants recovered the drug in a coat pocket in a room inside the building. However, Defendant Anderson testified before the grand jury that he found the drugs in Plaintiff's pocket. This discrepancy between the grand jury testimony and the testimony at trial shows that Anderson conspired with the Assistant State's Attorney to suppress the substance of the arrest report, thereby obtaining an indictment under "fraud, perjury, and in violation of the principle of collateral estoppel." Plaintiff's conviction was, he states, a direct result of these defendants' illegal activities.

B. Additional facts presented by defendants through the submission of the public record in the Plaintiff's criminal case.

Defendants assert in their motion to dismiss that Stewart admitted in his complaint that the drug was recovered from the porch where he was arrested. However, a fair reading of Stewart's complaint does not support this claim. He alleges only that the drug was found inside the building, not on the porch. Defendants further assert that 1) Plaintiff was indicted by a grand jury, a fact agreed to by the parties; 2) that Plaintiff pled guilty; and 3) that the state court judge held a full hearing on the motion to suppress which was denied. To support these assertions they attach as exhibits to their motion the state court certified copy of the docket, and the transcript from the hearing on the motion to suppress, in *People of the State of Illinois v. Johnny Stewart*, 99 CR 24076, report of proceedings at the hearing before Honorable Frank W. Meekins, on

2

February 22, 2000. Although Plaintiff does not mention his guilty plea in his complaint, the certified court record is clear that he did plead guilty. Therefore, the court will accept this fact, and will review below whether or not the hearing on the motion to suppress can be determinative of the outcome in this motion.

C. Plaintiff's allegations of new and conflicting facts in his response to the motion to dismiss

In Plaintiff's response, to which he also attaches a copy of the state court motion to suppress hearing transcript, he paints a completely different picture of events from those he recounted in his complaint. As long as they are consistent with the allegations of the complaint, a party may assert additional facts in his or her response to a motion to dismiss. *Travel All Over the World, Inc. v. Kingdom of Saudi Arabia*, 73 F.3d 1423, 1428 (7th Cir.1996). Now he alleges that defendants accosted and detained him while he was standing with ten other men, over a block away from the house where the arrest took place in his complaint. They walked him back to the house, placed him on the porch, then allegedly illegally entered the house and allegedly found marijuana. Further, defendants have the "African neighborhoods in Chicago under seige and routinely, as standard operating procedure, invade African peoples homes terrorizing the women and children....." (Pl Res. at 1).

Such allegations conflict with the sworn statements in Plaintiff's signed complaint which includes a declaration under penalty of perjury that the statements are true and correct. Such a complete rewrite of the complaint in which Plaintiff adds new facts and embellishes those in the original complaint with sweeping unsupported generalizations asserting new claims, is tantamount to malicious prosecution and will not be tolerated by this court. On this basis alone,

3

the court is inclined to dismiss this suit as malicious. 28 U.S.C.§ 1915(e); *Lucien v. Jockisch*, 133 F.3d 464, 466 (7th Cir. 1998). Plaintiffs new allegations, to the extent that they differ from or add to his allegations in the complaint, are stricken.

## STANDARD OF REVIEW

When confronted with a *pro se* complaint, the court must employ a more liberal standard of review than would be used where an attorney prepared the complaint. *Haines v. Kerner*, 404 U.S. 519 (1972); *Whitford v. Boglio*, 63 F.3d 527, 535 (7th Cir. 1995). In considering a motion to dismiss, the court must accept as true all well-pleaded facts and must draw all reasonable inferences from those allegations in plaintiff's favor; a complaint shall only be dismissed if it is beyond doubt that the plaintiff can prove no facts which would entitle him to relief. *MCM Partners, Inc. v. Andrews-Bartlett & Assoc.*, 62 F.3d 967, 972 (7th Cir. 1995). On a motion to dismiss, a plaintiff's well-pleaded allegations of fact are taken as true and all reasonable inferences are drawn in the plaintiff's favor. *Leatherman v. Tarrant County Narcotics Units*, 507 U.S. 163 (1993); *Swofford v. Mandrell*, 969 F.2d 547, 549 (7th Cir.1992). However, the court is neither bound by the plaintiff's legal characterization of the facts, nor required to ignore facts set forth in the complaint that undermine the plaintiff's claims. *Scott v. O'Grady*, 975 F.2d 366, 368 (7th Cir.1992), *cert. denied*, 508 U.S. 942 (1993). Despite this liberal review of pleadings, federal rules still require that the complaint allege facts which would provide an adequate basis for each claim. *Gray v. Dane County*, 854 F.2d 179, 182 (7th Cir. 1988).

The court can take judicial notice of matters of public record without converting a motion to dismiss into one for summary judgment. *General Elec. Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1080-81 (7th Cir.1997); *Henson v. CSC Credit Services*, 29 F.

3d 280, 284 (7th Cir.1994). In addition, "[d]ocuments that a defendant attaches to a motion to dismiss are considered a part of the pleadings if they are referred to in the plaintiff's complaint and are central to their claim." *Venture Associates Corp. v. Zenith Data Systems Corp.*, 987 F.2d 429, 431 (7 th Cir.1993); *Bledsoe v. City of* 2000 WL 220494, *2 (N.D.Ill.);*General Elec. Capital Corp. v. Lease Resolution Corp.*, 128 F.3d at 1081 ("The most frequent use of judicial notice of ascertainable facts is in noticing the contents of court records.") This exception allows courts to avoid unnecessary proceedings when an undisputed fact in the public record establishes that the plaintiff cannot satisfy the Rule 12(b)(6) standard. *Id. National Industrial Chemical Co. v. Steege*,1998 WL 887065, *2 (N.D.Ill.) . Further, a preclusion defense may be raised by a motion to dismiss. *Economy Food & Liquor Co. v. Frankfort Distillers Corp.*, 232 F.2d 410, 412 (7th Cir.1956). *Northgate Motors , Inc. v. General Motors Corp.*, 111 F.Supp.2d 1071, 1077 (E.D. Wis. 2000).

For these reasons the court takes judicial notice of the transcript of the motion to suppress hearing (also submitted by plaintiff) and the certified docket sheet of the state court criminal case #99 CR 24076 submitted by defendants (Def. Mot. Ex. C&D).

### DISCUSSION

In reviewing this motion to dismiss, the court reviews the doctrine of collateral estoppel as it may apply to both the guilty plea and to the state court probable cause determination at the hearing on the motion to suppress. If the doctrine applies, the complaint must be dismissed as a matter of law.

**1. Collateral estoppel and the guilty plea**

The doctrine of collateral estoppel does apply to 42 U.S.C.§1983 actions. *Allen v.*

*McCurry*, 449 U.S. 90, 96-105 (1980). This includes prior state court judgments, civil or criminal, where the party against whom estoppel is sought had a full and fair opportunity to litigate the issue to be precluded. *Id.* In determining whether collateral estoppel applies, the court shall apply the collateral estoppel rules of the relevant state. *Guenther v. Holmgreen*, 738 F.2d 879, 884 (7th Cir.1984), *cert. denied*, 469 U.S. 1212 (1985). Collateral estoppel, however, is an equitable doctrine subject to limitations where fairness and justice require. *Jones v. City of Alton,* 757 F.2d 878, 885 (7th Cir.1985).

Plaintiff pled guilty to the charge of manufacturing/delivery of cannabis/10-30 grams. *See* Certified Statement of Conviction/Disposition, Def. Ex. D. (He first pled not guilty, on 11/16/99, and then on 4/17/00, after the court ruled against him on the motion to suppress, he pled guilty and was found guilty on that day. After he was sentenced, he moved to withdraw the guilty plea, but this motion was denied on 6/7/00.) The court takes judicial notice of the guilty plea. *See Doherty v. City of Chicago*, 75 F.3d 318, 324, N.4 (7 th Cir.1996); *Crandall v. City of Chicago*, 2000 WL 705987, *4 (N.D.Ill.).

A guilty plea in a state court criminal case can have a preclusive effect in a later action under 42 U.S.C.§1983, but its actual effect can only be determined based on the law of the state in which the judgment was rendered. *See Allen v. McCurry*, 449 U.S. 90 (1980). In Illinois, "[a]n action for malicious prosecution will not lie if the prior criminal proceedings terminated in any manner not indicative of Plaintiff's innocence." *Hajawii v. Venture Stores*, Inc., 80 Ill.Dec. 461, 463, 465 N.E.2d 573, 575, 125 Ill.App.3d 22 (1984)." *Bontkowski v. United States,* 28 F.3d 36, 37 (7th Cir. 1994). Further, as in *Bontkowski*, Plaintiff was indicted by a grand jury, prima facie evidence of probable cause. *Id.; Freides v. Sani-Mode Mfg. Co.*, 33 Ill.2d 291, 296, 211 N.E.2d

286 (1965).

There exists, however, a split in the Seventh Circuit as to the preclusive effect in a civil action of a guilty plea in a previous state criminal action. In *Country Mut. Ins. Co. v. Duncan*, 794 F.2d 1211, 1215 (7th Cir.1986), the Seventh Circuit held that a guilty plea is not conclusive as to the facts underlying the plea and is subject to explanation at a subsequent trial. In two other cases the Seventh Circuit ruled that a guilty plea is preclusive as to the underlying facts of the plea. *See Rodriguez v. Schweiger*, 796 F.2d 930, 933 (7th Cir .1986), *cert. denied*, 481 U.S. 1018 (1987) and *Appley v. West*, 832 F.2d 1021, 1026 (7th Cir.1987). Thus it appears that the most recent precedent establishes that a guilty plea does have a preclusive effect. *See Smith v. Sheahan*, 959 F. Supp. 841 (N.D.Il. 1997). However, given the lack of clear authority on the point from the Seventh Circuit, the court reviews the probable cause hearing on suppression of the evidence to determine if this case can be decided on that issue without reaching the issue of the guilty plea.

## 2. Collateral estoppel and the probable cause determination in state court

In Illinois, the doctrine of collateral estoppel, or issue preclusion, precludes relitigation of an issue in a later proceeding only if, among other things, the issue was actually litigated and decided on the merits and its resolution was necessary to the result in the case. *See* collateral estoppel discussion, *supra*. In Illinois one of the elements of malicious prosecution is absence of probable cause for the proceeding. "The existence of probable cause acts as a complete defense to an action for malicious prosecution...." *Ely v. National Super Markets, Inc.*, 102 Ill.Dec. 498, 502, 500 N.E.2d 120, 149 Ill.App.3d 752, (1986).

## Transcript of the state court motion to suppress hearing

Was the state court hearing a full hearing on the merits of the issue of the validity of Plaintiff's arrest, an issue central to Plaintiff's claim? Defendants maintain that the plaintiff had a full and fair opportunity to litigate the legality of his arrest, including presenting and cross-examining witnesses, as indicated by the 45 page hearing transcript. (Defendants' Motion, Ex. C) The transcript includes police testimony from Officer Holt about what the officers saw Plaintiff doing prior to the arrest. During a surveillance operation of the Plaintiff, they saw Plaintiff participate in six transactions during which the unknown parties gave him money and he gave them what appeared to the officers to be narcotics. Tr. at 6. They then searched him on the porch at 311 W. 108th Place and found no cannabis, but did find $124.00. Tr. at 7. They then talked to his girlfriend who resided there, who signed a consent to have the premises searched. Tr. at 8-9. Further the officer testified that the residence belonged to Plaintiff's girlfriend, and that the Plaintiff, nicknamed Pontiac, also resided there. Tr. at 30. They watched as he received money from the people coming onto the porch, and then he would go inside the enclosed porch areas leaving the door open, reach into a coat in the closet within the officer's view, pull out a plastic bag, reach into it, retrieve a quantity which the officer believed to be cannabis, and return to give it to the person. Tr. at 11-12.

The officer admitted that he gave erroneous testimony before the grand jury regarding where he found the cannabis, having previously testified that he found the cannabis in a pocket on the Plaintiff. Tr. at 14, whereas now he testified that the coat pocket in which he found the

drugs was inside the house. Tr. 14-15.[1] He did testify that he saw the Plaintiff retrieve what he thought was cannabis several times from this same coat pocket in the closet of the house.

The judge then summarized the evidence . Tr. at 41 et seq. Officer Holt received a tip that cannabis was being sold by "Pontiac," known to be a nickname for Johnny Stewart. He and his partner maintained surveillance on him from 30 feet away which was a "good surveillance." Tr. at 41. The court made credibility determinations for all the witnesses, and found that the warrantless search and arrest were valid and denied the motion to suppress. Tr. at 44.

Having reviewed the testimony at the state court hearing, the court finds that the state court did review the merits, that Plaintiff had the opportunity for a full and fair hearing, and that the state court hearing addressed issues central to this claim. The court's ruling was based on the judge's credibility determinations. Further, the court now also considers whether there are principles of equity or fairness that would prevent the application of the collateral estoppel doctrine in this case.

Does collateral estoppel apply in this case?

In a factually similar case, another district court reached the conclusion that collateral estoppel barred Plaintiff from proceeding in a 42 U.S.C.§1983 action after the probable cause of arrest had been determined in a state court hearing on a motion to suppress. *Johnson v. City of Aurora,* 1997 WL 684987 (N.D. Il.). First, the *Johnson* court discussed the collateral estoppel issue. *Allen v. McCurry,* 449 U.S. 90, 103-05 (1980) held that collateral estoppel barred

---

[1] Plaintiff alleges in his complaint that this officer lied before the grand jury. In light of this state court judge being informed of the discrepancy through this testimony, his ruling on the credibility of the officer, and in light of Plaintiff's guilty plea, the court does not find that this discrepancy in testimony is material to the complaint.

9

relitigation of Fourth Amendment search and seizure issue determined adversely against 42 U.S.C.§1983 claimant in state criminal suppression hearing. *Appley v. West*, 832 F.2d 1021, 1025-26 (7th Cir.1987) found that collateral estoppel may be applied in civil trials to issues previously determined in a criminal conviction.

Pursuant to Illinois state law, as the *Johnson* case further discussed, collateral estoppel will bar a further action if the Plaintiff had a full and fair opportunity to litigate the identical issue in the prior case. *In re Nau*, 153 Ill.2d 406, 424, 180 Ill.Dec. 240, 249, 607 N.E.2d 134, 143 (1992). *Kraushaar v. Flanigan*, 45 F.3d 1040, 1050 (7th Cir.1995).

Numerous federal courts have concluded that determinations made at a prior criminal suppression hearing can preclude the relitigation of the probable cause issue in an action for unlawful arrest under 42 U.S.C.§1983. *Guenther v. Holmgreen*, 738 F.2d 879 (7th Cir.1984), *cert. denied*, 469 U.S. 1212 (1985); *Arnold v. City of Chicago*, 776 F.Supp. 1259 (N.D.Ill.1991); *LaBoy v. Zuley*, 747 F.Supp. 1284 (N.D.Ill.1990); *Stevenson v. City of Chicago*, 638 F.Supp. 136 (N.D.Ill.1986).

The probable cause determination rested exclusively on the credibility of the witnesses--the state judge had to decide whom to believe. *See People v. Carter*, 288 Ill.App.3d 658, 224 Ill.Dec. 226, 230, 681 N.E.2d 541, 545 (1st Dist.1997) ("For purposes of motions to suppress, the [trial] court is in the best position to determine the credibility of the witnesses, to weigh testimony, and to resolve conflicts in testimony...."). Thus, even if the Plaintiff had appealed the state court judge's decision,( he obviously did not as he pled guilty after losing the suppression hearing), a reversal would have resulted only if the judge's ruling was

manifestly erroneous--which is highly doubtful, because the trial judge based his decision on the credibility of the witnesses. *See People v. Enis,* 163 Ill.2d 367, 206 Ill. Dec. 604, 615, 645 N.E.2d 856, 867 (1994); *Carter*, 224 Ill. Dec. 226, 681 N.E.2d at 545. The court finds that the Illinois law would allow the application of issue preclusion to be applied under the facts of this case.

With these principles in mind, the court finds that plaintiff is collaterally estopped from challenging the validity of his arrest and search by the finding of probable cause in the earlier criminal suppression hearing. Giving him one full and fair opportunity to litigate the issue of probable cause is sufficient and precludes him from relitigating the issue in a 42 U.S.C.§1983 suit. Therefore, as a matter of law, Plaintiff has failed to state a claim upon which relief could be granted, pursuant to Fed. R. Civ. P. 12 (b)(6).

## **CONCLUSION**

For the above reasons, it is therefore ordered that the motion to dismiss is granted.[9] All pending motions are denied as moot [14] [11]. This case is dismissed in its entirety.

ENTER:

*William J. Hibbler*
WILLIAM J. HIBBLER
UNITED STATES DISTRICT COURT

DATED: 11/20/00